**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Cornell Devon ATWELL, a.k.a. Banji,**
**Defendant–Appellant.**

**No. 05–10064**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 6, 2006.

---

Cornell Devon Atwell, Coleman, FL, pro se.

Roberta Josephina Bodnar, U.S. Attorney's Office, Orlando, FL, for Defendant–Appellant.

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Defendant–Appellant Cornell Devon Atwell, a federal prisoner appealing *pro se,* appeals the district court's denial of his section 18 U.S.C. § 3582(c)(2) motion seeking modification of his term of imprisonment. No reversible error has been shown; we affirm.

Defendant was convicted in June 1998 of five counts: (1) conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. § 846; (2) possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (3) conspiracy to use and carry a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(*o*); (4) using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1) and (2); and (5) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The PSI first calculated a total offense level of 26: the base offense level was 24 pursuant to U.S.S.G. §§ 3D1.3(a) and 2K2.1, plus a two-level increase was imposed under § 2K2.1(b)(4) because the firearm with which Defendant was found was stolen. But the PSI also determined that the career offender and armed career offender provisions in U.S.S.G. §§ 4B1.2 and 4B1.4(b)(2), applied; under the career offender provisions, the PSI recommended an enhanced offense level of 37, a criminal history category of VI, and a guideline range of 360 months to life.

The district court determined that scoring under the career offender provisions was proper but concluded that Defendant's criminal history was over-represented. The district court decided to depart downward to a base offense level of 30. Defendant was sentenced to a total of 270 months' imprisonment.

Defendant moved pursuant to 18 U.S.C. 3582(c)(2) for a reduction of sentence arguing that Amendment 599 to U.S.S.G. § 2K2.4 applied retroactively to preclude his possession of a firearm from contributing to his sentence calculation under more than one guideline section. The district court denied Defendant's motion without opinion.

We review denial of a motion to reduce sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *See United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). Under certain circumstances, a court may, after consideration of sentencing factors set out in 18 U.S.C. § 3553(a), reduce the term of imprisonment based on a later lowering of the sentencing range by the Sentencing Commission "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 599 altered § 2K2.4 and clarified the circumstances under which a court may impose a weapons enhancement on a defendant convicted of a firearms offense under 18 U.S.C. § 924(c). *See* 2000 Federal Sentencing Guidelines Manual, Appendix C; *see also United States v. Pringle*, 350 F.3d 1172, 1176 (11th Cir. 2003). But Defendant's first sentence calculation that included scoring under § 2K2.4 was trumped by the greater sentence applicable to a career offender under Chapter Four; § 2K2.4 had no effect on the sentence actually imposed. Because Defendant was not sentenced under

§ 2K2.4 (the section addressed by Amendment 599), Amendment 599 is inapposite. *See United States v. Sanders*, 372 F.3d 1183, 1186 (10th Cir.2004) ("Amendment 599 has nothing to do with § 4B1.4 but instead applies to § 2K2.4 of the Guidelines."). Amendment 599 can support no reduction in Defendant's sentence. *See United States v. Armstrong*, 347 F.3d 905, 907 (11th Cir.2003) (Amendment 599 has no application when a defendant's sentence was not increased because of his possession of a firearm). No abuse of discretion has been shown.[1]

**AFFIRMED.**

---

1. Defendant also argues that a reduction is due under Amendment 600. Amendment 600 revised § 2K2.4 to prohibit the use of 18 U.S.C. § 924(c) convictions "either to trigger application of the career offender guideline, U.S.S.G. § 4B1.1, or to determine the appropriate offense level under that guideline." U.S.S.G. Manual Supp. to App. C (Nov. 1, 2002). Even assuming arguendo that this issue is properly preserved on appeal— Amendment 600 was not cited in Defendant's

motion—Amendment 600 offers Defendant no relief. Retroactive application of a guidelines amendment is consistent with Sentencing Commission policy only if the amendment is listed in U.S.S.G. § 1B1.10(c). *See Armstrong*, 347 F.3d at 907. Amendment 600 is not listed in U.S.S.G. § 1B1.10(c). The district court's failure to apply Amendment 600 retroactively to modify Defendant's sentence supports no abuse of discretion claim. *Id.*